# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MILITA DOLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TPG HOTELS & RESORTS, INC.,<br><br>Defendant. | Case No. _____ |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Milita Dolan, on behalf of herself and the proposed class (defined below), brings this action against TPG Hotels & Resorts, Inc. ("Defendant"):

## INTRODUCTION

1.     For more than 25 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities by provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2.     This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

1

3. Defendant operates various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

4. Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to non-disabled guests.

## JURISDICTION AND VENUE

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendant because it owns, manages and/or operates multiple hotels located in Georgia, including the Hilton Suites Atlanta Perimeter (the "Hilton Suites"), and Defendant maintains its Eastern Regional Office in Atlanta, Georgia.

8.     Venue in the Northern District of Georgia is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

9.     Plaintiff Milita Dolan, at all times relevant hereto, is and was a resident of Pembroke Pines, Florida.

10.     Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11.     As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.

13.     Defendant TPG Hotels & Resorts, Inc., is organized under the laws of Rhode Island with its principal place of business in Cranston, Rhode Island.

## FACTUAL ALLEGATIONS

14.     Defendant owns, manages and/or operates many hotels throughout the United States.

3

15.    As part of these operations, Defendant provides its customers transportation services, including, but not limited to, complimentary shuttle services.

16.    Plaintiff travels often to the Atlanta, Georgia area to visit family and stays at hotels. When doing so, Plaintiff often requires the use of accessible vehicles for travel.

17.    Within the applicable limitations period, Plaintiff called the Hilton Suites and was told by an agent of Defendant that the Hilton Suites provides a complimentary shuttle service for guests.

18.    Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

19.    Plaintiff was also told that Defendant would not provide alternative accessible transportation service.

20.    An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff in Paragraphs 17 through 19.

21.    The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Hilton Suites, Defendant manages and/or operates a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

4

22.    These hotels include, but are not limited to, the following locations:

A.    DoubleTree Resort by Hilton Paradise Valley, located in Scottsdale, AZ;

B.    Hilton Scottsdale Resort & Villas, located in Scottsdale, AZ;

C.    Holiday Inn Hartford – East, located in East Hartford, CT;

D.    Renaissance Boca Raton, located in Boca Raton, FL;

E.    Staybridge Suite St. Petersburg, located in St. Petersburg, FL;

F.    Westin Fort Lauderdale, located in Ft. Lauderdale, FL;

G.    Hyatt Lisle – Naperville, located in Lisle, IL;

H.    Renaissance Suites Chicago O'Hare, located in Chicago, IL;

I.    Westin Chicago – North Shore, located in Wheeling, IL;

J.    Hyatt Regency at Lexington Center, located in Lexington, KY;

K.    DoubleTree by Hilton New Orleans Airport, located in Kenner, LA;

L.    Hilton Boston – Dedham, located in Dedham, MA;

M.    Hilton Kansas City Airport, located in Kansas City, MO;

N.    Buffalo Marriott Niagara, located in Amherst, NY;

O.    Hyatt Rochester Downtown, located in Rochester, NY;

P.    Sheraton Suites Columbus, located in Columbus, OH;

Q.     DoubleTree by Hilton Tulsa – Warren Place, located in Tulsa, OK;

R.     Hilton Garden Inn Providence Waterfront, located in Providence, RI; and

S.     Sheraton Suites Alexandria – Old Town, located in Alexandria, VA.

23.     Defendant's policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

24.     Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties managed by Defendant in the future and use the hotel's transportation services.

25.     However, the lack of equivalent transportation services has deterred Plaintiff from staying at the Hilton Suites or using its shuttle service.

26.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

6

## CLASS ALLEGATIONS

27. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendant because of the lack of equivalent accessible transportation services at those hotels."

28. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

29. Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

30. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

31.     Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

32.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 12181, *et seq.*

33.     Plaintiff incorporates by reference each and every allegation herein.

34.     Plaintiff brings this claim individually and on behalf of the class.

35.     Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

36.     Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

8

37.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.  42 U.S.C. § 12182(a).

38.     Defendant operates fixed route systems and/or demand responsive systems within the meaning of the ADA.  42 U.S.C. § 12181(3) and (4).

39.     For fixed route systems, Defendant must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided.  42 U.S.C. § 12182(B).

40.     For demand responsive systems, Defendant must provide wheelchair-accessible vehicles or ensure that equivalent service is provided.  42 U.S.C. § 12182(C).

41.     Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it manages and/or operates are readily accessible to and usable by individuals with disabilities,

9

including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

42. Moreover, by failing to provide accessible transportation, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a. denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's hotels;

b. affording individuals with mobility disabilities unequal access to goods, services or facilities;

c. utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control; and

d. failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges,

advantages, or accommodations to individuals with mobility disabilities.

43.    Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

44.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgement as follows:

a.    A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's transportation services were fully accessible to, and independently usable by, individuals with visual disabilities;

b.    A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are

11

fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

c.      An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

d.      Payment of costs and reasonable attorneys' fees as provided for by law; and

e.      Such other additional or alternative relief as the Court finds just and proper.

Dated: May 21, 2018.          Respectfully submitted,

By:   */s/ Thomas A. Withers*
Thomas A. Withers
Ga. Bar No. 772250
GILLEN WITHERS & LAKE, LLC
8 E. Liberty Street
Savannah, GA 31401
Telephone: 912.447.8400
Facsimile: 912.629-6347
twithers@gwllawfirm.com

Anthony C. Lake
Ga. Bar No. 431149
GILLEN WITHERS & LAKE, LLC
3490 Piedmont Road, N.E.
One Securities Centre, Suite 1050
Atlanta, GA 30305

Telephone: 404.842.9700
Facsimile: 404.842.9750
aclake@gwllawfirm.com

*To Be Admitted Pro Hac Vice:*
R. Bruce Carlson
Kelly K. Iverson
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com
kiverson@carlsonlynch.com

13